UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMERALD WILSON-BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-00488 (UNA) |

**MEMORANDUM OPINION**

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application, and for the reasons below, it dismisses this matter without prejudice.

Plaintiff, a resident of the District, sues the U.S. Department of Justice, the Department of Homeland Security, the D.C. Metropolitan Police Department, and the Mayor of the District of Columbia. *See* Compl. at 1–2. She submits a laundry list of defendants' alleged wrongdoing, from 2006 to date, including wrongful imprisonment, retaliation, cruel and unusual punishment and other abuses, slander, entrapment, harassment, stalking, interference with her business, censorship of her social media, and manipulation and abuse of her family. *See id.* at 4. She demands injunctive relief and damages. *See id*. Plaintiff provides little to no detail or context to support her overbroad claims, and she does not cite to any legal authority. Simply put, the complaint lacks the essential details required to provide sufficient notice to the defendants or to establish the court's subject matter jurisdiction; indeed it is unclear which defendant committed what wrong, if any, or how or where these alleged bad acts occurred.

To that end, *pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure

requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). And "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

As a result, this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 17, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge